**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

RICK SHEETS,

    Plaintiff,

vs.

MARTIN MARIETTA MATERIALS, INC.,

    Defendant.
_____/

CASE NO.

**NOTICE OF REMOVAL**

Defendant MARTIN MARIETTA MATERIALS, INC. ("Martin Marietta") files its Notice of Removal of this action from the 134th District Court of Dallas County, Texas to this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and states as follows:

    1.    On or about April 14, 2021, Plaintiff RICK SHEETS ("Plaintiff"), instituted this action in the District Court of Dallas County, Texas. A true and correct copy of Plaintiff's Petition ("Petition") is attached as Exhibit ("Ex.") A.

    2.    MARTIN MARIETTA MATERIALS, INC., received, through service or otherwise, a copy of the initial pleading setting forth Plaintiff's claims for relief on or about April 21, 2021.

**PARTIES AND CITIZENSHIP**

    3.    Plaintiff RICK SHEETS is an individual who resides in Texas.

4. Defendant MARTIN MARIETTA is a North Carolina Corporation with its principal place of business in North Carolina.

## AMOUNT IN CONTROVERSY

5. Plaintiff's Petition asserts personal injuries and damages with a value in excess of $75,000.00.

## FEDERAL JURISDICTION AND REMOVABILITY

6. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

8. An action as to which a district court has original jurisdiction pursuant to 28 U.S.C. § 1332 is removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

9. For purposes of determining jurisdiction under 28 U.S.C. § 1332(a) and removability under 28 U.S.C. § 1441(b), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10. As noted above, it is obvious that the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

11. As noted above, Plaintiff is an individual in Texas. Martin Marietta is a North Carolina Corporation with its principal place of business in North Carolina. Thus, complete diversity exists between the parties.

12. The United States District Court for the Northern District of Texas, Dallas Division, is the district court and division embracing the place where Plaintiff's state court action is pending.

## COMPLIANCE WITH PROCEDURAL REQUISITES

13. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, orders and other papers that have been served upon or otherwise received by the Defendant to this action is attached as Exhibit A.

14. Pursuant to 28 U.S.C. § 1446(b), this Notice is filed within thirty days after April 21, 2021, the date upon which the Defendant received, through service or otherwise, a copy of Plaintiff's initial pleading.

15. A copy of this Notice will be timely filed with the Clerk of the District Court for Dallas County, Texas and served upon all adverse parties, as required by 28 U.S.C. § 1446(d), contemporaneously with the filing of the Notice in this Court.

WHEREFORE, Defendant MARTIN MARIETTA MATERIALS, INC., respectfully requests that this action be removed from the District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

Dated: May 20th, 2021

Respectfully submitted,

By: _____
Mark E. Stradley
State Bar No. 19352500

**THE STRADLEY LAW FIRM**
9330 LBJ Freeway, Suite 1185
Dallas, Texas 75243
972-231-6001
972-231-7004 (Fax)
Mark@Stradleylawfirm.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail, Electronic Mail and/or Facsimile to:

Jason A. Itkin
State Bar No. 24032461
Noah M. Wexler
State Bar No. 24060816
Ben Bireley
State Bar No. 24076086
Trent Shelton
State Bar No. 24121119
Arnold & Itkin, LLP,
6009 Memorial Dr.
Houston, TX 77007
Attorneys for Plaintiff

_____
Mark E. Stradley

4

# EXHIBIT "A"

4/14/2021 8:46
FELICIA PIT
DISTRICT CLE
DALLAS CO., TEX
Paula Mountique DEPL

1 CIT ESERVE

JURY DEMAND

CAUSE NO. DC-21-04691 _____

| | | |
|---|---|---|
| RICK SHEETS, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| MARTIN MARIETTA MATERIALS, INC. | § § § § | |
| *Defendant*. | § § | 134th  JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rick Sheets (hereinafter "Plaintiff"), complaining of Martin Marietta Materials, Inc. ("Martin Marietta" or "Defendant") and for cause of action would respectfully show the Court the following:

### I. Discovery Level

1. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II. Jurisdiction and Venue

2. The claims asserted arise under the common laws of Texas. This Court has jurisdiction and venue is proper because Defendant is headquartered in Dallas County, and Defendant has continuous and systematic contracts with Dallas County such that it is at home in the County. In the alternative, Defendant's principal office in Texas is in Dallas County. TEX. CIV. PRAC. & REM. CODE § 15.002.

### III. Parties

3. Plaintiff is a resident of Texas.

4. Defendant Martin Marietta Materials, Inc. is a foreign company with a principal office in Dallas, Texas. This Defendant may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

### IV. Facts

5. On or about March 8, 2021, Plaintiff suffered severe bodily injuries as a result of Defendant's negligence and gross negligence. On that date, while within his job duties for his employer, Plaintiff was sent to Defendant Martin Marietta's location in Fort Worth, Texas. While sitting in the parking lot, Plaintiff was then suddenly and unexpectedly struck by an employee of Martin Marietta, who was driving a large front-end loader (the "vehicle") on behalf of Defendant Martin Marietta. As a result of the above, Plaintiff was seriously injured. Specifically, Plaintiff has injured his neck, back, spine and other parts of his body.

6. At all relevant times, the employee was acting in the course and scope of his employment with Defendant Martin Marietta and acting in furtherance of a mission for Defendant Martin Marietta's benefit and subject to its control. Additionally, the employee was driving a vehicle owned and maintained by Defendant Martin Marietta and was operating the vehicle under Defendant Martin Marietta's operating authority.

### V. Causes of Action

#### A. *Negligence and Gross Negligence*

7. Plaintiff repeats and realleges each allegation contained above.

8. Plaintiff sustained injuries because of Defendant's negligence and gross negligence when Defendant:

- Failed to operate the vehicle safely;
- Failed to maintain a safe distance;
- Failed to pay attention to the Plaintiff's vehicle;
- Failed to keep a proper lookout;
- Failed to properly supervise its employees;
- Failed to properly train its employees;
- Failed to prudently supervise the job;
- Failed to follow applicable state and federal rules and regulations; and
- Other acts deemed negligent and grossly negligent.

9. On balance, Defendant owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant's negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries.

10. Additionally, Defendant's actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### PLAINTIFF'S CLAIM OF *RESPONDEAT SUPERIOR* AGAINST Defendant Martin Marietta

11. At the time of the occurrence of the act in question and immediately prior thereto, the employee was within the course and scope of employment for Defendant Martin Marietta.

12. At the time of the occurrence of the act in question and immediately prior thereto, the employee was engaged in the furtherance of Defendant Martin Marietta's business.

13. At the time of the occurrence of the act in question and immediately prior

thereto, the employee was engaged in accomplishing a task for which Defendant Martin Marietta was employed.

14. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant Martin Marietta.

### AGENCY

15. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Marietta occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Marietta.

16. Therefore, Defendant Martin Marietta is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

*B.  Negligent Hiring*

17. Plaintiff repeats and realleges each allegation contained above.

18. Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of the employee as a potential employee.

- Failure to properly follow up on information not provided by the employee in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate the employee's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of the

4

employee.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a vehicle in the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### C. *Negligent Training*

19. Plaintiff repeats and realleges each allegation contained above.

20. Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to the employee.

- Failure to provide the necessary training to the employee regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including the employee regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### D. *Negligent Supervision, Retention, and Monitoring*

21. Plaintiff repeats and realleges each allegation contained above.

5

22. Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor the employee to make sure that he was complying with policies and procedures.

- Failure to interview and test the employee to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including the employee, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise the employee to ensure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## VI. Damages

23. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish, and to incur the following damages. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks damages in excess of $1,000,000.00. Plaintiff prays for relief and judgment, as follows:

- Compensatory damages against Defendant;
- Actual damages;
- Consequential damages;
- Pain and suffering;

6

- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Interest on damages (pre and post-judgment) in accordance with the law;
- Costs of Court;
- Expert witness fees;
- Costs of copies of depositions; and
- Such other and further relief as the Court may deem just and proper.

## VII. Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

## VIII. Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

/s/ *Jason A. Itkin*

7

Jason A. Itkin
Texas Bar No. 24032461
Noah M. Wexler
Texas State Bar No. 24060816
Ben Bireley
Texas State Bar No. 24076086
Trent Shelton
Texas State Bar No. 24121119
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
jitkin@arnolditkin.com
nwexler@arnolditkin.com
bbireley@arnolditkin.com
tshelton@arnolditkin.com
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**