IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICK SHEETS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1146-L |
| | § | |
| MARTIN MARIETTA MATERIALS, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

As United States District Judge Sam A. Lindsay set out in an order entered on

July 28, 2025, four days earlier,

> the court held a pretrial conference to discuss several matters regarding
> the upcoming trial in this case. During the pretrial conference, the court
> discussed several matters with the parties, including Defendant Martin
> Marietta's ("Defendant") Motion to Strike Plaintiff's Untimely Trial
> Exhibits (Doc. 65). To cure the prejudice to Defendant caused by
> Plaintiff's late filings, the court presented the parties with two options:
> (1) continue the current trial setting and reopen discovery regarding
> Plaintiff's surgery and post-surgical matters, including but not limited
> to the depositions of Dr. Small, Dr. Sanders, and Mr. Sheets; or (2) strike
> all of Plaintiff's untimely filings and proceed with the current trial date.
>     In response to the court's inquiries, Plaintiff requested that the
> case be continued to allow Defendant to conduct additional discovery,
> but Defendant initially preferred that the court strike the documents;
> nevertheless, the parties eventually agreed to a continuance.
> Additionally, Plaintiff's counsel offered to pay the transcript costs and
> reasonable attorney's fees – which will be determined by the court – to
> Defense counsel for the time expended preparing for the pretrial
> conference, the July 28, 2025 trial, and the additional discovery that will
> take place.

Dkt. No. 71 at 1; *see also* Dkt. No. 73 (transcript of July 24 pretrial conference).

Judge Lindsay then authorized Defendant to file a fee application under

Federal Rule of Civil Procedure 37(c)(1) and Plaintiff to file a response. *See* Dkt. No. 71 at 2.

After Defendant filed its application, *see* Dkt. No. 75, and Plaintiff responded, *see* Dkt. No. 77, Judge Lindsay referred the fee application to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b), *see* Dkt. No. 78.

For the following reasons, the Court grants the fee application.

## Legal Standards

Where "a party fails to provide information or identify a witness as required by [Federal Rule of Civil Procedure] 26(a) or (e)," "the court, on motion and after giving an opportunity to be heard" "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(c)(1)(A).

"'A district court has broad discretion in all discovery matters,' including fashioning the appropriate remedy for a [violation of Rule 26] under Rule 37(c)." *O'Connor v. Allied Tr. Ins. Co.*, Civ. A. No. 23-218, 2024 WL 1243319, at *1 (E.D. La. Mar. 22, 2024) (quoting *Moore v. CITGO Refining & Chems. Co.*, 735 F.3d 309, 315 (5th Cir. 2013)).

"Discovery sanctions under Rule 37 'are flexible and, within reason, may be applied in as many or varied forms as the Court desires by exercising broad discretion in light of the facts of each case.'" *Id.* (quoting *Guidry v. Cont'l Oil Co.*, 640 F.2d 523, 533 (5th Cir. Mar. 1981)).

In line with this authority, the Court has determined that the appropriate cure for the discovery violation at issue is to require that Plaintiff's counsel pay Defense

counsel "reasonable attorney's fees" (to be determined by the Court) "for the time expended preparing for the pretrial conference, the July 28, 2025 trial, and the additional discovery that will take place." Dkt. No. 71 at 1.

"As with any other fee application governed by federal law, 'this Court uses the "lodestar" method to calculate attorney's fees.'" *Castle Energy Grp.. LLC v. Universal Ensco, Inc.*, No. 4:23-cv-4314, 2024 WL 5185698, at *1 (S.D. Tex. Nov. 19, 2024) (cleaned up; quoting *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata P'ship, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994)); citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490-91 (5th Cir. 2012) (applying lodestar method to fees awarded for discovery abuse under Rule 37(b))); *see also Florer v. Ford Motor Co.*, No. 1:22-CV-00449-BLW-DKG, 2024 WL 3625956, at *3 (D. Idaho June 25, 2024) ("Because Defendant seeks attorney fees under Rules 30(d)(2), 37(a)(5)(A), 37(b), and 37(d) of the Federal Rules of Civil Procedure, federal law applies as to the question of whether attorney fees should be awarded here. *See Hanna v. Plumer*, 380 U.S. 460, 470-74 (1965) (finding the Federal Rules of Civil Procedure are presumptively procedural for *Erie* purposes). Therefore, contrary to Plaintiff's contention, the Court does not apply state laws in this instance to evaluate whether Defendant is entitled to the requested fees."); *United States v. Leebcor Servs., LLC*, No. 4:20-CV-179, 2022 WL 3337793, at *3 (E.D. Va. Apr. 1, 2022) ("An award of expenses must be reasonable. FED. R. CIV. P. 37(c)(1)(A). The court evaluates the reasonableness of attorney's fees by first determining the 'lodestar' amount, which is defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'"

(quoting *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008))).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)).

The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

And, while the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there, *see id.*, the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services, *see, e.g.*, *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

The party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 896 n.11, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

And movants seeking attorneys' fees are "charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours

charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).

The Court should use this reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457. The remaining hours are those reasonably expended. *See id.*

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

And, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015); *see also Wyndham Props. II, Ltd. v. Buca Tex. Rests., LP*, No. 4:22-cv-166-BP, 2023 WL 2392090, at *3 (N.D. Tex. Mar. 7, 2023) ("The term 'block billing' refers to the disfavored 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" (quoting *Hoffman*, 2015 WL 3999171, at *4 n.5 (quoting *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011)))).

And, so, the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby*

*v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (internal quotation marks omitted).

But "[p]ercentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick*, 2011 WL 487754, at \*13; *Shepherd v. Dallas Cnty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at \*2 n.3 (N.D. Tex. Apr. 10, 2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (footnote omitted)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at \*5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express*, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking

the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800.

Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

And, in the end, the Court need only "provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (cleaned up).

So "rulings on fee awards need not 'be so excruciatingly explicit' that those decisions 'consume more paper than did the cases from which they arose.'" *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228-29 (5th Cir. 2008)).

Instead, this Court's "analysis [must be] 'complete enough' for [the United States Court of Appeals for the Fifth Circuit] to review 'whether the [C]ourt has used proper factual criteria in exercising its discretion to fix just compensation.'" *Id.* (quoting *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986)).

## Analysis

Defendant's counsel seeks to recover $52,837.09 in fees for 142.6 hours

expended to prepare for the pretrial conference, the July 28, 2025 trial, and the additional discovery that will take place (47 hours for Attorney Parker Graham at a rate of $553.50 per hour; 16.3 hours for Attorney Jordan Perry at a rate of $429.30 per hour; and 79.3 hours for Attorney Mark Stradley at a rate of $250 per hour).

Starting with the reasonable-hourly-rate requirement, the Court overrules Plaintiff's objections, *see* Dkt. No. 77 at 8-9, and finds that the hourly rates for the attorneys who worked on this case are reasonable and within the market rate for attorneys with their level of experience who handle this type of litigation in the Dallas Division of the Northern District of Texas, *see* Dkt. No. 75-1, ¶¶ 1-5; Dkt. No. 75-2, ¶ 2; *Primrose*, 382 F.3d at 562 ("[T]rial courts are considered experts as to the reasonableness of attorney's fees."); *cf.* Dkt. No. 73 (tr.) at 55 (Judge Lindsay in response to Plaintiff's counsel's suggestion that $15,000 may be reasonable, "I just don't think that's going to cover it. And the reason I say that is based on these attorneys' years of experience, what the reasonable hourly rate for attorneys of similar experience, skill and ability and competence, years in the Dallas legal market, and that's what the courts have said will be a reasonable fee." (cleaned up)).

Having determined one component of the lodestar – "the prevailing hourly rate in the community for similar work," *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016) – the Court turns to the "number of hours reasonably expended" component, *id.*

Defendant's counsel offers Mr. Graham's declaration in support of the reasonableness of the hours expended on the scope of work defined in Judge Lindsay's

order:

> Although we started preparing for trial before July 1, 2025,
> Martin Marietta decided not to seek any time incurred before July 1.
> Ms. Perry and I maintained contemporaneous time records, which my
> firm used to generate a bill to Martin Marietta on August 12, 2025.
> Before sending the bill, I exercised billing judgment, and did not include
> any hours that appeared excessive, redundant, or unproductive. To
> prepare Martin Marietta's fee application, I exercised billing judgment
> again, and decided to remove some time entries (valued at roughly
> $15,000) that I decided were not truly wasted by the trial continuance
> because our work product could be reused or re-purposed for the new
> trial setting. Much of that work product was prepared by Ms. Perry.
> Because of these reductions, Martin Marietta is seeking less in its fee
> application than defense counsel actually billed Martin Marietta.

> Attached as Exhibit 1 is true and correct copy of my firm's billing
> records, after I exercised billing judgment and reduced the amount
> sought as described above. Exhibit 1 accurately shows the particular
> services performed, who performed those services, when the services
> were performed, and the reasonable amount of time required to perform
> the services. Martin Marietta paid for all the time reflected on Exhibit
> 1, plus more time that Martin Marietta is not seeking to recover, as
> explained above. I believe it was reasonable for Martin Marietta to use
> three timekeepers at different experience levels in this case, especially
> because the docket currently lists nine attorneys representing Plaintiff
> Rick Sheets. Based on my experience and my personal involvement in
> this case, the time expended was reasonably necessary to prepare for
> the pretrial conference and the anticipated July 28, 2025 trial.

Dkt. No. 75-1, ¶¶ 6-7 & Ex. 1; *see also* Dkt. No. 75-2 (Mr. Stradley's time entries).

Against this evidence, Plaintiff's counsel first argues that Mr. Graham and Ms.

Perry's billing records "reflect preparation of written work product and pretrial

materials which can be reused during the ultimate trial setting. These records include

preparation of Defendants' Motion in Limine, its objections to Plaintiff's exhibits, its

deposition designations, and other materials that have been written and filed." Dkt.

No. 77 at 8.

And, so, "Plaintiff has removed these billing records that are objected to, and

attaches the new calculation hereto as Exhibit 11." *Id.* at 9; *see* Dkt. No. 77-11 (reducing Mr. Graham's hours by more than half and shaving two hours off Ms. Perry's entries).

The Court accepts Mr. Graham's evidence as to their efforts to not include in this fee request time that could apply to the reset trial setting and therefore cannot agree with the additional reductions proposed by Plaintiff. This decision is further supported by the following exchange at the July 24 hearing:

> Plaintiff's counsel: Yes, Your Honor, I think we can agree to pay for the cost of the depositions of the transcripts and provide them the transcripts. I think we can pay for their time in taking whatever discovery that they want to take, such as the depositions.
> I think that paying for their time preparing for this trial, I think that they could still use their preparation that they had for this trial. And so I think it would be prejudicial for us to pay for that.
> The Court: Well, I would have to disagree with that to the extent that you're saying you're not going to pay for anything, because let me just say this: If a trial is reset -- let's be honest, say if a trial is reset three months, four months, five months, six months, or whatever, even a year, lawyers are busy. There's a lot of water under the bridge. You try new cases, you take depositions in new cases or other cases. And frankly speaking, I guess the best way to put it is, you need a refresher course. You'd be surprised how much you've forgotten with regard to your preparation.

Dkt. No. 73 at 42-43 (cleaned up).

And, so, Mr. Graham and Ms. Perry's time entries are reasonable and within the scope of work for the fee award that the Court has authorized.

Plaintiff also specifically objects to time entries by Mr. Stradley that are "under vague records of 'trial preparation'" and requests that these "be reduced by a factor reflecting the amount they can reasonably be expected to retain." Dkt. No. 77 at 8.

There are eight entries in Mr. Stradley's billing records that include the phrase

"trial preparation." Dkt. No. 75-2 at 5-7.

But each of these entries (from one to seven hours) includes further narrative description. *See id.*

So, again relying on Mr. Graham's evidence as to overall billing judgment, the Court will not consider reducing these or similar entries by a percentage because they could, for example, amount to block billing. *See Wyndham*, 2023 WL 2392090, at *4 ("After reviewing the entire record, Wick Phillips' entries include the attorney's initials, date, number of hours expended, and a brief description of the work performed. Further, the block-billed entries are not for large amounts of time. Often, Buca's entries are for fewer than six hours. The longer time entries offer more substantive, detailed descriptions of the different types of work performed during those periods by particular lawyers. The Court finds that the block-billed time entries do not make it 'impossible to conduct meaningful review and determine the precise number of hours that should be reduced.' Therefore, the Court does not reduce the fees claimed due to block billing." (cleaned up; quoting *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-cv-913-D, 2005 WL 6789456 at *12 (N.D. Tex. Dec. 20, 2005)).

And, so, Mr. Stradley's time entries too are reasonable and within the scope of work for the fee award that the Court has authorized.

The Court therefore determines the appropriate lodestar to be 142.6 hours at a blended hourly rate just shy of $370.53, which results in a total of $52,837.09.

And, while the Court has considered the *Johnson* factors, the lodestar is presumed to be reasonable and should only be modified in exceptional cases.

So the Court determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

### Conclusion

The Court GRANTS Defendant Martin Marietta's application for attorneys' fees in full and AWARDS attorneys' fees of $52,837.09 under Federal Rule of Civil Procedure 37(c)(1)(C).

SO ORDERED.

DATE: March 9, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE